### Nelson Post *v.* The State.

1. EVIDENCE.— Conspiracy between the appellant and another to commit the offense of murder and robbery having been shown, not only the acts, declarations and conduct, but also the financial condition of his co-conspirator (in connection with his possession of effects of deceased) prior to the consummation of the conspiracy, were admissible in evidence against the appellant.

2. SAME.— The conspiracy having been shown, a bill of sale purporting to be a conveyance by the deceased to the co-conspirator of the appellant of certain effects of the deceased afterwards found in possession of the co-conspirator was properly admitted in behalf of the State.

3. SAME.— The declaration of the co-conspirator that he had hired the appellant to haul the property not having been made by the co-conspirator in the presence of the appellant while the latter was in the act of hauling the property was properly excluded from the jury, notwithstanding the State relied on the act of hauling as a fact inculpatory of the appellant.

4. PRACTICE— CHARGE OF THE COURT.— If, upon request of the jury, in explanation of his instructions, the judge gives an additional charge, confining it to the subject matter of the request, he commits no error. He cannot, however, go beyond the request.

5. Same.— The defendant failing to call in question, either by bill of exception or in his motion for new trial, the action of the trial court in giving or refusing charges asked, and no prejudice to appellant being shown, this court will not disturb the judgment on that account.

Appeal from the District Court of Young. Tried below before the Hon. T. L. Hutchison.

This is the companion case of Jack Post *(ante,* p. 579) for the murder of G. B. McDermott, in Young county, Texas, on the 15th day of October, 1879. The trial was had upon the same indictment, and resulted in a like verdict of murder in the first degree, but the punishment was assessed at a life-term in the penitentiary. The conviction was secured upon essentially the evidence embodied in the report of Jack Post's case; the few material differences being indicated in the opinion.

No brief for the appellant.

*J. H. McLeary,* Attorney General, and *H. M. Holmes,* for the State.

Hurt, J. The defendant was jointly indicted with his brother, Jack Post, for the murder of G. B. McDermott. Upon a severance the defendant Nelson Post was placed upon trial, found guilty by the jury of murder of the first degree, and his punishment assessed at confinement in the penitentiary for life. Several points raised by the bills of exception and urged in a motion for a new trial were discussed and decided in the opinion in the case of Jack Post, to which reference is made. *(Ante,* p. 579.)
There are some questions in this case, however, which did not arise in the former. We are informed by two bills of exceptions that the State proved, over the objections of the defendant, that "Jack Post was financially broke, and without means, and that he had stated that

he had bought the property from McDermott for $125, and that he had borrowed the money from Tom Trout." The property alluded to was that of the deceased.

Having fully shown a conspiracy between these brothers, not only the pecuniary condition of Jack Post, but his declarations, acts and conduct were admissible if occurring before the consummation of the conspiracy. The bills fail to show that the declarations of Jack Post were after the murder, and bearing directly upon this point the judge appends the following: "The testimony complained of in this bill, except that as to the financial condition of Jack Post, was not admitted on the trial. Throughout the trial the court steadily and persistently excluded all the declarations of Jack Post, made in the absence of the defendant on trial, save those coming properly within the rule of conspiracy as defined by the charge." This eliminates from the bills all that is obnoxious. The records contains two bills which are precisely the same, hence the use of the singular number by the judge.

By reference to the statement of facts it will be seen that the connection of the defendant with the bill of sale is amply shown to authorize its introduction. His connection therewith, read in the light of the facts which immediately surrounded it, forms one of the links in the chain of criminative facts which not only tends to fasten guilt upon him but to establish the conspiracy between him and his brother Jack. Hence the error complained of in his second bill does not exist.

Under the fifth bill it appears that the defendant offered to prove that Jack Post said that he had hired Nelson Post to help him haul the McDermott property. The county attorney objected, and the court sustained the objection. The State relied upon the fact that the "defendant had hauled the property, as an inculpatory fact." If, therefore, this statement of his brother had

been made in his presence, and while in the act of hauling, or if it had been made by defendant while in the act of hauling or when his connection with the property was challenged, it would have been admissible. This not being the case, it was not evidence. *Cameron* v. *State*, 44 Texas, 652.

The jury returned into court and through their foreman inquired if the defendant could be found guilty as accessory or accomplice to the murder; whereupon the court inquired if the jury understood the charge of the court defining principal offenders. The foreman answered that some of them did not. Then upon request of the jury, the judge gave the additional charge which is complained of in defendant's bill No. 6. In this we find no error. If the judge had gone beyond the subject-matter contained in the request, in giving an additional charge, then an error would have been committed. This was not done. See art. 614, Code Crim. Proc.

We have noticed all of the exceptions of the defendant save those treated of in the Jack Post case, and we have found no such error as will warrant a reversal of the judgment.

The defendant asked of the court certain special charges which were refused, but there was no bill reserved nor was the action of the court in this respect complained of in the motion for new trial. There were no bills of exception taken to the charge of the court, nor did the defendant complain of the charge in his motion for new trial further than that the court erred in charging upon the subjects of conspiracy and principals. This charge, we think, was demanded by the case as made by the facts. We cannot approve of all parts of the charge, but as there was no objection made by the defendant, and no injury appearing therefrom, we would not be authorized to disturb the judgment. That the defendant, Nelson Post, and his brother Jack murdered G. B. McDermott

we have not the least doubt, if the witnesses are worthy of belief; and we have no reason to question their integrity.

There being no error disclosed by the record, we are necessarily compelled to affirm the judgment.

*Affirmed.*